## NATIONAL LIFE & ACCIDENT INS. CO. v. LANGSTON.

### No. 8653.

Court of Civil Appeals of Texas. San Antonio. Oct. 21, 1931.

Rehearing Denied Nov. 4, 1931.

G. Woodson Morris, of San Antonio, for appellant.

Charles J. Lieck and Grover C. Morris, both of San Antonio, for appellee.

FLY, C. J.

This is a suit instituted by appellee for $268 penalty and attorney's fees, on a policy on the life of Judge W. Langston, her deceased husband. The verdict and judgment was for $268 and $50 attorney's fees.

The defense presented was that deceased had made false answers and representations as to his health at the time and prior to the issuance of the policy. In response to special issues, the jury found that deceased was in sound health on the date the policy was issued, that the answers as to his health were not material to the risk, that the answer of deceased as to whether he had ever had certain named diseases was not untrue. The jury answered that none of the representations made by deceased in his application for insurance were untrue, and that such representations did not induce the issuance of the policy.

■ Not one of the findings of the jury was sustained by the facts in the case, but, on the other hand, every one of them was disproved by the evidence. The man had undoubtedly given untrue answers to the questions to which he responded in his application for insurance. He had been a sick man long before he applied for the policy, and had also received injuries in an accident, before the application was made for insurance, and, however much we may be adverse to reversing a judgment on the facts, we cannot in justice and reason permit the verdict and judgment to stand in this case.

Because the answers of the jury are not sustained by, but are in contravention of, the facts, the judgment will be reversed, and judgment here rendered that appellee take nothing by her suit, and pay all costs.

### On Motion for Rehearing.

■ This court has not invaded the province of the jury in holding that there was no testimony to sustain the verdict rendered in the lower court. The law makes a jury the exclusive judges of the credibility of the witnesses and the weight to be given their testimony, but it has never provided that the verdict of a jury, without facts to sustain it, cannot be set aside by a court.

■ In this case, the record reveals that not only was there no testimony to sustain the verdict, but that there is no probability or perhaps possibility of obtaining testimony that would sustain such a verdict. The facts are all to the contrary of the verdict rendered. When there are no facts in a case it then becomes the province of a court to pass upon the action of the jury as a matter of law. The statute empowers the courts of civil appeals with authority to pass upon facts, but the Supreme Court has for many years held that it has the authority to review the findings of fact of appellate courts, when there is no testimony to sustain the findings. This is a precedent for this court reversing and rendering judgment in this case. There was no testimony; there is no probability that such testimony can be justly and truthfully obtained. We therefore overrule the motion for rehearing.